IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JULIA HILGER**, <br><br> Plaintiff, <br><br> vs. <br><br> **WAKEFERN FOOD CORP.**, d/b/a Shoprite of Pennington, <br><br> Defendant. | **COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiff JULIA HILGER ("Hilger" or "Plaintiff") on behalf of herself and all others similarly situated (collectively "Plaintiffs"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendant WAKEFERN FOOD CORP., d/b/a Shoprite of Pennington, ("Defendant" or "WAKEFERN"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendant as a collective action on behalf of himself and all other persons similarly situated –non-exempt department managers– who suffered damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt duties for the Defendant in New Jersey and based from Defendant's business located in Pennington, Mercer County, New Jersey. Defendant is therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, Wakefern, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant owns, operates, and/or manages the fourth larger retailers' cooperative in the United States, operating more than 300 retail groceries. The enterprise test is satisfied as the Defendant purchased materials from other cities throughout New Jersey so as to operate its New Jersey business. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and product which have moved through interstate channels so as to produce an end product for Defendant's consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

8. Plaintiff Hilger is an adult individual who is a resident of Willingboro, Burlington County, New Jersey.

9. Plaintiff Hilger was employed by Defendants full time as a worker in the fish Department.

**Defendant**

10. Upon information and belief, the Defendant owns and/or maintains the fourth-largest retail cooperative in the United States, owning and operating more than 250 stores in the State of New Jersey.

11. Upon information and belief, the Defendant Wakefern, is headquartered in Keasbey, Middlesex County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Wakefern, employs individuals to perform labor services on behalf of the Defendant. Upon information and belief, at all times relevant to this Complaint, the Defendant Wakefern's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendant Wakefern was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## FACTS

14. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

15. Plaintiff Hilger was a non-exempt hourly employee and her hourly rate of pay was $15.31 per hour.

16. Plaintiff Hilger routinely worked six (6) days per week.

17. Plaintiff Hilger worked between 51 and 60 hours per workweek.

18. Although Plaintiff Hilger was paid time and one half for some of her hours worked over forty (40) in a workweek, she was not paid for all of her hours worked in a workweek.

19. More specifically, Plaintiff routinely arrived at work between 1 and 2 hours prior to the beginning of her shift and began working off the clock prepping the department by unloading seafood from the delivery truck, putting ice in the ice case, and prepping the fish for the ice case.

20. Additionally, Plaintiff worked through her 30 minute lunch break, yet the Defendant automatically deducted 30 minutes each full day worked for employees' lunch.

21. Upon information and belief, employees similarly situated to Plaintiff were also only compensated for some yet not all overtime hours worked in a workweek.

22. As well, employees similarly situated to Plaintiff also were subjected to automatic 30 minute meal break deductions, despite working through same.

23. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

24. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

25. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the

provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

26. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendant.

27. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendant.

28. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

29. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked overtime hours in one or more work periods, on or after May 18, 2013, and were not properly compensated for all hours worked in excess of forty (40) within a workweek.

30. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

31. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 30 above.

32. Plaintiff is entitled to be paid additional compensation for each of her overtime hours worked per work period.

33. All similarly situated employees of the Defendant are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

34. Defendant knowingly and willfully failed to pay Plaintiff and the other similarly situated to her at time and one half of their regular rate of pay for their overtime hours worked in a work period.

35. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

37. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 36 above.

38. Defendant's aforementioned conduct is in violation of the NJWHL.

39. As a direct and proximate cause of Defendant's actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

40. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff JULIA HILGER, and those similarly situated to her, who have or will become part of this collective action, demand judgment, against Defendant WAKEFERN

FOOD CORPORATION, d/b/a Shop Rite of Pennington, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: May 18, 2016
Respectfully submitted,

/s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*